99  791<br>121  702

### WILLIAMSON *v.* TISON *et al.*, executors, *et al.*

1. The express description in a deed to realty introduced as color of title will not be extended beyond its terms because of a belief by the holder under it that it covered land not embraced in that description, nor because of any unexpressed intention in the mind of the grantor that it should cover land not described in the deed itself, there being no suggestion of mistake in the drawing of it.

2. It follows, as a general rule, that in order to render a deed effectual to constitute color of title, it must actually cover the land claimed under it. That the holder of such deed honestly believed or that the grantor supposed it covered the land so claimed, would not suffice in a case where there was no contention that the descriptive words embraced in the deed were other than those which were intended to be used.

3. The court, in several of its instructions to the jury, in effect charged to the contrary of the above, and for this reason there should be a new trial.

Argued December 3,—Decided December 17, 1896. ATKINSON, J., being disqualified, Judge GOBER, of the Blue Ridge circuit, was designated to preside.

Ejectment. Before Judge Sweat. Glynn superior court. December term, 1895.

*Symmes & Bennet*, by *Harrison & Peeples*, for plaintiff in error. *Atkinson & Dunwody*, contra.

GOBER, Judge.

In the motion for a new trial error is assigned upon this portion of the charge: "But that, if you shall find that title to be true, that John M. Tison under this deed, believing that the boundaries in this deed embraced the land in dispute, and those holding under him, the plaintiffs in this case, held it in the manner as prescribed by law, for a period of seven years without being interfered with by this defendant or defendants, the court charges you that they would as against the defendants have acquired a paramount title to the land in dispute." There are other assignments of error; they may be discussed along with this.

In *Beverly and McBride* v. *Burke*, 9 *Ga.* 443, speaking of color of title, it is said: "It may be defined to be a writing, upon its face professing to pass title, but which does not do it, either from want of title in the person making it, or from the defective conveyance that is used,—a title that is imperfect, but not so obviously so that it would be apparent to one not skilled in the law."

In *White et al.* v. *Rowland*, 67 *Ga.* 556, in discussing the case under consideration this court says: "To claim a writing as color of title which shows by its terms a title against the claimant's right, which, so far from passing title to the one in possession, passes title to one adverse to his possession, certainly would not aid a possession of seven years and establish a prescriptive right. One's possession cannot be helped by a paper (in legal presumption) which is continuously pronouncing such holding unlawful."

From *Etowah etc. Mining Co.* v. *Parker*, 73 *Ga.* 53: "It needs no argument to show that deeds which designated no specified interest in the lands, and which did not de-

scribe them so that they could be located, were void for un-
certainty. In order to be available as color of title, it was
necessary to show that they had some connection with the
premises in dispute."

In the 70 Ga. 809, a case (*Veal et al.* v. *Robinson*) was
reversed because the court refused to charge a request
among other things as follows: "Color of title is anything
in writing purporting to convey title to the land, which
defines the extent of the claim, it being immaterial how
defective or imperfect the writing may be, so that it is a
sign, semblance or color of title," etc.

From 3 Washburn on Real Prop. (5 ed.) p. 167, we have:
"And no one can claim color of title by deed, when enter-
ing upon land beyond what his deed purports to convey.
As to what constitutes color of title, any instrument having
a grantor and a grantee, and containing a description of the
lands intended to be conveyed, and apt words for their con-
veyance, gives color of title to the lands described. The
color must arise out of some conveyance purporting to con-
vey title to a particular tract of land. And a possession,
under color of title, is with a claim of right by virtue of
the colorable title.

To state the proposition is to argue it. There would be
no certainty under a rule that substituted a man's belief for
what a deed shows. This belief would be often under
the pressure of personal interest. Such a rule would be
antagonistic to every principle of construction. Parol evi-
dence is inadmissible to add to, take from, or vary a written
contract. Code, §2757. Written evidence is considered
of higher proof than oral, and in all cases where the parties
have reduced their contract, agreement or stipulation to
writing, and assented thereto, it is the best evidence of the
same. Code, §3762.

For these reasons we think the exception to the charge
is well taken, and the judgment is                *Reversed.*