### HEATLEY v. LONG, trustee, *et al.*

HOLDEN, J.   A testator, the day before his death, sold and conveyed the east half of a certain land lot "except one fourth the mineral interest," and in his will, executed on the same day, he provided that, with the exception of one mule, "all my property both real and personal" should go to his wife during her natural life, with remainder to her bodily heirs.   After the death of the testator, the wife conveyed to one of her children one undivided half interest in the land lot.   Ejectment was brought in the "John Doe" form against the grantee of the widow, to recover one undivided half interest in the west half of the east half of the land lot.   The defendant filed an answer, making a general denial of the allegations of the petition, and claiming title by prescription. A verdict was rendered in favor of the plaintiffs, and to the order of the court overruling his motion for a new trial the defendant excepted. *Held:*

1. No attack being made on the validity of the deed of the testator conveying to the predecessors in title of the plaintiffs the land sued for, the will would not operate on the property previously conveyed by the deed, and such will could not, as to any of the land conveyed by the deed, be color of title under which the life-tenant or the remaindermen named in the will could prescribe against the plaintiffs.   See *Williamson* v. *Tison,* 99 *Ga.* 791 (26 S. E. 766).

2. The construction of an unambiguous deed, including the determination

of the quantum of estate thereby conveyed, is a question of law for the court; and no attack being made on the validity of the deed, it is the duty of the court to instruct the jury what is its legal effect as determined by him.

3. A deed creating a trust for the benefit of minors is not inadmissible in evidence because not recorded within three months after its execution. The provision contained in the Civil Code, § 3149, declaring certain deeds void if not recorded within three months, has no application to trust deeds for the benefit of minors.

4. The court committed no error in admitting in evidence a certified copy of letters testamentary issued by the court of another State where the testator died and his will was probated, over objection of the opposite party that such certified copy had not been filed with the clerk of the court wherein the suit was pending, in order that the same might become a part of the record in the case. Civil Code, § 3318, requiring certified copies of the proceedings therein referred to to be filed with the court before foreign executors shall be entitled "to use the processes and remedies prescribed by the laws of this State," does not relate to the admission in evidence of certified copies of letters testamentary of such executors.

5. Even if the evidence of admissions of the defendant, claimed to have been made in the trial of another case, was subject to the objections made, the admission of such evidence was not error requiring a new trial, as the defendant, upon the trial, delivered substantially the same testimony embraced in such alleged admissions.

6. The court admitted testimony, in behalf of the plaintiffs, that the defendant in this case was the defendant in a criminal case in the city court; that he was therein charged with trespass upon the property sued for; and that a named person, since deceased, testified upon the trial of such case. This testimony was objected to by the defendant on the ground "that parol evidence is inadmissible to show upon what property the indictment charged the alleged trespass was committed." If the testimony was subject to this objection, its admission was not error requiring a new trial, for the reason that the defendant delivered testimony substantially the same as that admitted by the court over the objection stated.

7. Where one is charged with criminal trespass against the ownership of land, and defends by asserting ownership in himself, testimony of witnesses since deceased, which was introduced on the criminal trial, is admissible in evidence against him on a subsequent trial of an action of ejectment to recover from the defendant charged with trespass the land upon which it was claimed the trespass was committed, the plaintiffs in the ejectment suit being those who claimed to be the owners, or the successors in title of the owners, of the land at the time of the commission of the alleged trespass. See *Gavan* v. *Ellsworth*, 45 *Ga.* 283.

8. It was error to admit testimony of a witness for the plaintiffs, "I always heard this land in question spoken of as the mining company's mountain, the Long Mining Co.," over objection of the defendant, "that the title to land can not be proven by general reputation." This evidence was not sufficient to show general reputation in the community, if offered as tending to prove notice of a fact already shown to exist.

9. The evidence shows that B. M. Long was successor in title to the grantees of the testator to an undivided one-half interest in the east half of the land lot. He conveyed to certain trustees a one-fourth undivided interest in the whole of the land lot. One demise was laid in the grantees under this trust deed, and another demise in the executor of B. M. Long, the latter, as appears from the record, being a foreign executor. *Held:* (a) Title could not be shown in the executor unless it was shown that the will had been duly probated in this State. *Chidsey* v. *Brookes*, 130 *Ga.* 218 (60 S..E. 529).. This not being done, no recovery could be had on the demise laid in the name of the executor. The suit was pending at the time of the adoption of the act of the General Assembly approved August 17, 1908 (Acts 1908, p. 85), and its effect is not in question. (b) Under the remaining demise, title was shown only to an undivided one-fourth interest in the west half of the east half of the land lot (the property sued for), and the recovery by the plaintiffs of a greater interest therein was without evidence to warrant it. (c) Accordingly, it was error for the court to charge the jury: "Under the evidence in this case, I charge you that the plaintiffs are entitled to recover the land sued for in this case, unless the defendant has shown some legal reason why a recovery should not be had."

Judgment reversed. *Beck, J., absent. The other Justices concur.*

August 10, 1910. Rehearing denied September 24, 1910.

Ejectment. Before Judge Freeman. Carroll superior court. July 10, 1909.

*W. F. Brown, R. D. Jackson,* and *Beall & Adamson,* for plaintiff in error.

*S. W. Harris, S. Holderness,* and *Leon Hood,* contra.