## GILREATH v. GARRETT.

Whether the defendant in error was entitled to the partition of certain lands depended upon the construction of a certain deed; and it appearing that the construction placed upon the deed by the court below was the proper one, the judgment giving effect to that construction and adjudging that the land be partitioned as prayed will be affirmed.

　　　　　　　　APRIL 17, 1913.

Partition. Before Judge Maddox. Walker superior court. January 26, 1912.

Elsie Garrett filed her petition for partition of certain land. Temperance Gilreath filed objections. The petitioner based her claim of fee-simple title to an undivided half interest in the lands upon the following deed:

· "Georgia, Walker County. This indenture, made this 26th day of October, in the year of our Lord one thousand nine hundred and nine, between N. H. Gilreath of the State of Georgia and county of Walker, of the first part, and M. D. Gilreath and Elsie Garrett of the State of Georgia and county of Walker, of the second part, witnesseth: That the said party of the first part, for and in

consideration of the sum of five dollars and the natural love and affection he has for his said son and daughter, in hand paid at and before the sealing and delivery of these presents, the receipt whereof is hereby acknowledged, has granted, bargained, sold, and conveyed, and by these presents does grant, bargain, sell, and convey unto the said parties of the second part, their heirs and assigns [the land described]. The conditions of the above gift and deed is that said M. D. Gilreath is to maintain and support me during my natural life and also support my son, DeWitt Gilreath, until he arrives at the age of 16 years, and also to give him one year's schooling; and at my death the above land is to vest and belong absolutely to said M. D. Gilreath. I also further sell and give to my said son, M. D. Gilreath, all other property of whatever nature and kind on hand at my death in fee simple and without any reservations whatever. To have and to hold the said bargained premises, together with all and singular the rights, members, and appurtenances thereof, to the same being, belonging, or in anywise appertaining, to the only proper use, benefit and behoof of him the said party of the second part, his heirs and assigns, forever in fee simple. And the said party of the first part, for himself, his heirs, executors and administrators, will warrant and forever defend the right and title to the above-described property unto the said party of the second part, his heirs and assigns, against the lawful claims of all persons whomsoever. In witness whereof the said party of the first part has hereunto set his hand and affixed his seal, the day and year first above written." (Properly executed by N. H. Gilreath.)

The judge rendered judgment that the petitioner was the owner in fee simple of an undivided half interest in the land in which partition was sought, and directed a sale of the land and a division of the proceeds. The respondent excepted.

*J. E. Rosser* and *W. M. Henry,* for plaintiff in error.

*Paul D. Wright* and *Denny & Wright,* contra.

BECK, J. (After stating the foregoing facts.) Whether or not the decision of the court below was correct, which adjudicated that the petitioner was the owner in fee simple of an undivided half interest in the land described in the above deed, depends entirely upon the legal construction of that deed. Whether or not the deed will bear the construction so given by the trial court is the sole question involved in the case. Clearly in the granting clause of

the deed a half undivided interest in the land in controversy is conveyed to Elsie Garrett, the defendant in error. Are there any conditions or limitations imposed by the subsequent clauses in the deed? Or does any of the language employed in any of the subsequent clauses manifest a clear intention to impose a condition upon or to limit or defeat the right and title as set forth in the granting clause? If there is such language, the instrument must be so construed as to give effect to language making clear the intention of the grantor, notwithstanding any conflict between it and the language of any preceding clause in the conveyance. For it is a rule guiding us in the interpretation of deeds, as well as of ordinary contracts, that "the cardinal rule of construction is to ascertain the intention of the parties. If that intention be clear, and it contravenes no rule of law, and sufficient words be used to arrive at the intention, it shall be enforced, irrespective of all technical or arbitrary rules of construction." *Huie* v. *McDaniel,* 105 *Ga.* 319 (31 S. E. 189); Civil Code, § 4266. But there is another rule of construction which must not be ignored; and that is, that all parts of an instrument, the proper construction of which is sought, should be given effect and upheld, if that be possible. Applying both these rules of construction to the deed in question, we have reached the same conclusion as that reached by the court below. The portions of the instrument under consideration following the granting clause do not so clearly show an intention upon the part of the grantor to impose conditions or limitations upon the estate first granted to Elsie Garrett as to require, in obedience to the cardinal rule of construction which we have just stated, that we should hold that the conditions or covenants created by that portion of the deed immediately following the description of the land conveyed affect the half undivided interest in the land granted to Elsie Garrett. Clearly what are termed "conditions of the gift and deed," whether they be conditions or covenants, affect the interest taken by M. D. Gilreath; and we are of the opinion that they affect that interest alone. The "conditions" in the deed were to be performed by M. D. Gilreath alone; and it is perfectly consistent, in view of that fact, to hold that, as the performance of the conditions was to be by M. D. Gilreath and the language in the granting clause gives an unconditional estate to Elsie Garrett, the conditions affected only the party who was to.

perform. This construction is somewhat strengthened by a consideration of the other portions of the deed, wherein it is recited that the grantor gives to his son, M. D. Gilreath, at the death of the grantor, all other property of whatever nature and kind in fee simple and without any reservation whatever; and in the habendum and tenendum clause and in the warranty clause reference is made only to the interest of the son, M. D. Gilreath, and not to the interest of the daughter, Elsie Garrett; which seems to indicate that in the granting clause, which conveyed to his daughter, Elsie Garrett, without condition or limitation, the grantor made final disposition of that interest in his property which he intended to give to his daughter, and in subsequent portions of the deed dealt only with the interest in his property which he intended to give to his son, M. D. Gilreath.

*Judgment affirmed. All the Justices concur.*