THURMOND *v.* THURMOND *et al.*

No. 10265. NOVEMBER 16, 1934. REHEARING DENIED DECEMBER 14, 1934.

*Clarence E. Adams,* for plaintiff in error.
*R. Howard Gordon* and *Rupert A. Brown,* contra.

HUTCHESON, J. Claudius L. Thurmond, Mrs. Bessie Cooper, Adell Y. Thurmond, and Mrs. Roberta Dunson brought their petition for partition against W. L. Thurmond, alleging that they

are tenants in common with him in the lands described in a deed a copy of which is as follows:

"Georgia, Madison County. This indenture made the 27th day of January, 1902, between J. E. Hawks and W. L. Thurmond and D. S. Thurmond, all of the county and State aforesaid, witnesseth: That the said J. E. Hawks, for and in consideration of the natural love and affection he has for his daughter, said D. S. Thurmond, hereby gives, grants, and conveys to the said D. S. Thurmond, her heirs and assigns, 25 acres in a tract of land lying in said county, which will be more fully described hereinafter; and in consideration of the sum of three hundred and eighty-seven dollars, the receipt whereof is hereby acknowledged, does sell and convey unto the said W. L. Thurmond, his heirs and assigns, the remainder of a certain tract of land in said county, to wit, 32-1/4 acres, more or less, on the Harmony Grove public road, and adjoining lands of L. B. Hawks, B. O. Williams, B. B. Chandler, D. F. Chandler, and J. E. Hawks, the whole tract bounded as follows: Beginning at a rock near graveyard, thence S. 17 E. 18.70 to a rock, thence S. 68 W. 25.92 to a rock on road, thence N. 17-1/2 W. 3.43 to a rock, thence S. 63 W. 3.73 to a rock, thence N. 34 W. 15.50 to a rock, thence N. 61 E. 9.08 to a stump in rock dam, thence N. 68 E. 25.88 to the beginning corner, containing 57-7/10 acres, more or less, together with all the rights and privileges thereunto belonging, in fee simple. And the said J. E. Hawks, his heirs, executors, and administrators, the title to the premises aforesaid will forever warrant and defend to the said W. L. Thurmond and D. S. Thurmond, their heirs and assigns, against the lawful claim of all other persons. In witness whereof the said J. E. Hawks has hereunto set his hand and seal the day and year aforesaid.

Jonah E. Hawks (L. S.)

"Signed, sealed, and delivered in the presence of

L. P. Crawford.   H. H. Tolbert, J. P."

The defendant filed his plea in which he denies that he and the plaintiffs are tenants in common as to the entire tract, but admits that they are tenants in common as to the 25-acre tract. He alleges that he is the owner of 32-1/4 acres, and denies that the 32-1/4 acres and the 25 acres deeded to his wife are undivided. He denies that the plaintiffs are entitled to a one-fourth interest in the 25-acre tract, but says that he is an heir of his wife and entitled

to a one-fifth interest in said tract. He alleges that the deed from J. E. Hawks did not create any joint interest in the entire tract, but that under this instrument 25 acres were conveyed to his wife and 32-1/4 acres were conveyed to him; and that this was fully understood by defendant and by his wife during her life. He sets out certain improvements placed on the 32-1/4-acre tract by him. He prays that partition be denied.

On motion certain paragraphs of the plea were stricken; and the court, without the intervention of a jury, heard and passed upon the issues made by the pleadings, and rendered a judgment construing the deed as creating a tenancy in common, finding that the lands were incapable of division in kind, and ordering a sale thereof. To these rulings the defendant excepted.

■ A motion was made to dismiss the writ of error, for the reason that the bill of exceptions names "Claudius L. Thurmond et al." as defendants in error, whereas there were four parties named as plaintiffs in the court below, and the acknowledgment of service entered on the bill of exceptions specially reserves the right to move to dismiss because proper parties were not made. As was stated by Justice Hines in *McEachin* v. *Jones,* 165 *Ga.* 403 (140 S. E. 878) : "Before the passage of the act of 1911, the denomination of parties who are necessary parties defendant in error by the words et al., following the name of one who is a proper defendant in error, rendered the bill of exceptions fatally defective for want of necessary parties. By the act of 1911 this defect is amendable, and not fatal." See also *Bennett* v. *Wilkes County,* 164 *Ga.* 790 (139 S. E. 566). In the instant case, the acknowledgment of service having been signed by the attorneys who represented all the parties plaintiff in the court below, even though made with express reservation, and an amendment curing the defect having been tendered in this court, the motion to dismiss is overruled. The ruling in *Ray* v. *Hardman,* 146 *Ga.* 718 (92 S. E. 211), in view of the proffered amendment, is not a binding proposition of law as to this case.

■ Paragraph 7 of the plea seeks to set up a parol agreement of partition. A partition of land by agreement is such a contract as must, under the statute of frauds, be in writing. *Smith* v. *Smith,* 133 *Ga.* 170 (5) (55 S. E. 414). There being no sufficient allegations as to the taking of possession of respective por-

■

834

tions under such parol agreement, there was no error in sustaining the motion to strike the paragraph.

■ The deed involved in the instant case is not attacked as to validity; and its construction, including the determination of the quantum of estate conveyed, was a question of law for the court. *Heatley* v. *Long*, 135 *Ga.* 153 (68 S. E. 783).

■ In the construction of a deed, the cardinal rule is to ascertain the intention of the parties. If that intention be clear and it contravenes no rule of law, it shall be enforced, irrespective of technical or arbitrary rules of construction. Civil Code (1910), § 4266; *Huie* v. *McDaniel*, 105 *Ga.* 319 (31 S. E. 189); *Gilreath* v. *Garrett*, 139 *Ga.* 688-690 (77 S. E. 1127). "Where it can be gathered from the words employed in a deed that the intention of the grantor was to convey the whole of the tract owned by him, even a vague description of the same will suffice, if by competent parol evidence its precise location is capable of ascertainment and its identity can be established." *Tumlin* v. *Perry*, 108 *Ga.* 520 (34 S. E. 171); *Crawford* v. *Verner*, 122 *Ga.* 814 (50 S. E. 958). The doctrine "id certum est quod certum reddi potest" applies to the description of land conveyed in a deed. *Leverett* v. *Bullard*, 121 *Ga.* 535 (49 S. E. 591); *Swint* v. *Swint*, 147 *Ga.* 467 (2) (94 S. E. 571). With these basic principles in mind, let us look to the terms and wording of the deed in question. Its provision, in so far as description is concerned, is as follows: "25 acres in a tract of land lying in said county, which will be more fully described hereinafter; and in consideration of the sum of three hundred and eighty-seven dollars, the receipt whereof is hereby acknowledged, does hereby sell and convey unto the said W. L. Thurmond, his heirs and assigns, the remainder of a certain tract of land in said county, to wit, 32-1/4 acres, more or less, on the Harmony Grove public road and adjoining lands of L. B. Hawks, B. O. Williams, B. B. Chandler, D. F. Chandler, and J. E. Hawks, the whole tract bounded as follows: Beginning at a rock near graveyard, thence S. 17 E. 18.70 to a rock, thence S. 68 W. 25.92 to a rock on road, thence N. 17-1/2 W. 3.43 to a rock, thence S. 63 W. 3.73 to a rock, thence N. 34 W. 15.50 to a rock, thence N. 61 E. 9.08 to a stump in rock dam, thence N. 68 E. 25.88 to the beginning corner, containing 57-7/10 acres, more or less." It can readily be seen that the whole tract of 57-7/10 acres can be easily identified by

the measurements and courses set out in the deed. The next question is as to whether a division of this whole tract was intended by the grantor; and if so, could such division be definitely ascertained from the description. The tract of 32-1/4 acres granted to plaintiff in error is described as "32-1/4 acres, more or less, on the Harmony Grove public road, and adjoining lands of L. B. Hawks, B. O. Williams, B. B. Chandler, D. F. Chandler, and J. E. Hawks," and it can not be said that the naming of these adjoining landowners refers to the entire tract of 57-7/10 acres when such whole tract is specifically marked out by courses and distances. Prima facie, therefore, the 32-1/4-acre tract is described and defined; so that we have a definite, understandable description of the whole tract, and a definite, ascertainable description of the 32-1/4-acre tract carved from the whole tract. After this latter tract has been so defined and determined, it is a simple matter to describe and locate the 25-acre tract, the balance of the whole tract. But what was the intention of the grantor? He does not grant 57-7/10 acres to D. S. Thurmond and W. L. Thurmond jointly, but he gives, grants, and conveys to D. S. Thurmond, his daughter, 25 acres in consideration of natural love and affection, and for a different consideration he conveys to W. L. Thurmond 32-1/4 acres, more or less, which he locates by naming the adjoining land-owners, and refers to as the "remainder" of the tract of land, thereafter tracing and outlining the location of the entire tract. We are constrained to the view that the grantor intended to convey two separate and distinct parcels of land to separate and distinct parties, and not to create a joint interest in the whole tract. The conveyance under consideration varies from that discussed in the case of *Gilreath* v. *Garrett*, supra, where the instrument recited the same consideration as to both parties, and was made to "parties of the second part" after naming them in the preceding clause. The court was in error in holding that the deed created a tenancy in common, and in ordering the partition. Since this ruling is controlling, we do not discuss any other question raised.

*Judgment reversed. All the Justices concur, except Atkinson and Gilbert, JJ., who dissent.*