24222. PARIS et al. v. CLAY et al.
24223. TURNER v. CLAY et al.

FRANKUM, Justice. 1. "In all cases where two or more persons are common owners of lands and tenements . . . any one of such common owners may apply to the superior court of the county in which such lands and tenements are situated . . . for a writ of partition, which application shall be by petition, setting forth plainly and distinctly the facts and circumstances of the case, describing the premises to be partitioned and defining the share and interest of each of the parties therein." *Code* § 85-1504. Under the plain wording of this Code section the right to have a partitioning does not exist unless the property sought to be partitioned is held either under a joint tenancy or a tenancy in common. *Tillman v. Griffin*, 131 Ga. 460 (62 SE 581) ; *Thurmond v. Thurmond*, 179 Ga. 831, 835 (177 SE 719) ; 68 CJS 40, Partition, § 28; 40 AmJur 22, Partition, § 28.

2. In this case, the petition brought by the members of the Paulding County Board of Education in their official capacities shows that the property alleged to be subject to partitioning consists of four separate and distinct adjacent one-acre tracts of land and buildings and improvements, which tracts of land were originally deeded by four separate deeds of gift executed by four different individual owners to the plaintiffs' predecessors in office "to be used for school purposes" and to "revert back" to the owners of such tracts when such tracts should cease to be used for school purposes; that the tracts have ceased to be used for school purposes and "title to such real estate reverted to and became the property of the donors thereof and/or the owner of the lot of land from which the respective tracts of land were first acquired for school purposes"; that the owners of each respective tract are a named individual and three different groups of individual defendants who are the heirs at law of the other individual donors, now deceased; that the plaintiffs "claim title and the right of possession to the buildings . . . and improvements" which are alleged to be located on the described tracts of land in such a manner that it is impracticable and impossible to effectuate a division in kind on a fair and equitable basis without extreme, irreparable financial loss to the public school system of Paulding County;

that the Board of Education does not claim any interest in any of the tracts of land and the petition thus not only fails to show a joint or common ownership of the property sought to be partitioned, but, on the contrary, affirmatively shows that the title to each tract or parcel of land is vested in a different individual or in groups of individual defendants and that the buildings and improvements are owned by another party, to wit: the plaintiff, and it thus affirmatively shows that the indispensable prerequisite to a partitioning proceeding, that is the joint or common ownership of all the property involved, does not exist, and the judge of the superior court therefore erred in overruling the general demurrer and in denying the motion of the defendants to dismiss the petition.

*Judgment reversed. All the Justices concur.*

SUBMITTED SEPTEMBER 12, 1967—DECIDED OCTOBER 5, 1967— REHEARING DENIED NOVEMBER 9, 1967.

*Jackson B. Harris,* for appellants (case No. 24222).

*John T. Perren,* for appellees.

*Otis C. Bell,* for appellant (case No. 24223).

*Perren & Lane, John T. Perren, Jackson B. Harris,* for appellees.