## 37054. ATLANTA TRAILER MART, INC. et al. v. ASHMORE FOODS, INC.

MARSHALL, Justice.

This is a boundary-line dispute between two adjacent property owners.

The parties trace title to their respective tracts to common grantors Cheves and Middleton. Cheves and Middleton conveyed the southern tract to Hickcox, who in turn conveyed to Ashmore Sausage Company, Inc., now Ashmore Foods, Inc. Under the property description in Ashmore Foods' deed, its northern property line is found by beginning at a certain described point and thence running "200 feet, more or less, to an iron pin," which is located at the northwest corner of the tract. Cheves and Middleton conveyed the northern tract to Berchenko, who conveyed to Beechcraft Mobile Homes Mfg. Co., Inc., now Atlanta Trailer Mart, Inc. Under the property description in Atlanta Trailer Mart's deed, its southern property line is found by beginning at a certain described point "thence running . . . 463 feet to an iron pin located at the northwest corner of property conveyed by [Cheves and Middleton] to E. H. Hickcox . . ." However, the above described iron pin lies approximately 310 feet, rather than 463 feet, from the reference point in Atlanta Trailer Mart's deed. This constitutes an overlap of approximately 150 feet, which is the disputed property herein.

Ashmore Foods brought this suit against Atlanta Trailer Mart to recover possession of the disputed property and to recover the rents and profits derived by Atlanta Trailer Mart from its wrongful possession. The trial judge ruled as follows: Legal title to the disputed property is in Ashmore Foods; Atlanta Trail Mart's deed does not give it color of title; and Atlanta Trailer Mart's adverse possession has not extended for 20 years, as required by Code § 85-406 before adverse possession without color of title can ripen into prescriptive title. Accordingly, Ashmore Foods' motion for summary judgment was granted, and Atlanta Trailer Mart appeals.

In this appeal, Atlanta Trailer Mart argues that the trial judge erred in granting Ashmore Foods' motion for summary judgment for the following two reasons: (1) Atlanta Trailer Mart's deed gives it color of title to the disputed property, and, therefore, Atlanta Trailer Mart has acquired prescriptive title to the disputed property under Code § 85-407 through seven years' adverse possession; (2) it cannot be said that Ashmore Foods' deed gives it legal title to all of the property up to the iron pin referred to in its deed, since Ashmore Foods' deed specifies that the iron pin is located 200 feet "more or less" from a described reference point and the exact number of feet

between the iron pin and the reference point has not been established.

1. The color-of-title question presented in this case can be stated as follows: Where there are conflicting property descriptions in a deed such that the actual location of an artificial monument, i.e., an iron pin, falls short of the distance call thereto, does the deedholder have color of title to the overlap? This would appear to be a question of first impression. As previously stated, the trial judge resolved this question by ruling that the deedholder, Atlanta Trailer Mart here, does not have color of title to the overlap. We agree.

The rule is well established that where the calls of a deed are for artificial monuments as well as courses and distances, if there is a conflict between the two, the courses and distances must be disregarded. Code § 85-1601; *Lyons v. Bassford,* 242 Ga. 466 (1) (249 SE2d 255) (1978); *Riley v. Griffin,* 16 Ga. 141 (6) (1854). Thus, notwithstanding the conflicting distance call, Atlanta Trailer Mart's deed does not embrace any property beyond the iron pin. Therefore, Atlanta Trailer Mart's deed does not give it color of title to any property beyond the iron pin. The reason for this is that a deed does not give the holder thereof color of title to property, unless the deed describes the property in such a way that, but for the deed's invalidity, it would operate as a conveyance of title to the property. See *Hughes v. Heard,* 215 Ga. 156 (2) (109 SE2d 510) (1959); *Standard Oil Co. v. Altman,* 173 Ga. 777, 779 (161 SE 353) (1931); *Luttrell v. Whitehead,* 121 Ga. 669 (1) (49 SE 691) (1905); *Williamson v. Tison,* 99 Ga. 791 (26 SE 766) (1896). Accordingly, Atlanta Trailer Mart does not have color of title to the overlap.

2. The northern boundary line of Ashmore Foods' tract is determined by the actual location of the iron pin, which is described in Ashmore Foods' deed as lying 200 feet "more or less" from a certain point. This "more or less" language does not render the property description in Ashmore Foods' deed indefinite, since the exact boundary line can be determined by reference to the iron pin. See *Saine v. Clark,* 235 Ga. 279 (1) (219 SE2d 407) (1975); *Rogers v. Manning,* 203 Ga. 771 (48 SE2d 527) (1948). See generally Ga. Real Est. Law, § 13-61 (1971). Therefore, even if the exact footage from the reference point in Ashmore Foods' deed to the iron pin is less than 200 feet, this would not deprive Ashmore Foods of legal title to all of the property up to the iron pin.

*Judgment affirmed. All the Justices concur.*

DECIDED MARCH 3, 1981.

*Smith, Cohen, Ringel, Kohler & Martin, Kenneth L. Millwood,*

for appellants.

*Fletcher Thompson, Mark C. Ellison, Watson, Brown, Foster & Murphy, George T. Brown,* for appellee.