S11A0559. CAMPBELL et al. v. THE LANDINGS ASSOCIATION, INC.

(713 SE2d 860)

MELTON, Justice.

On March 24, 1995, Frederick and Barbara Campbell (the "Campbells") purchased a home in a community known as The Landings on Skidway Island ("Skidway Island Community") in Savannah, Georgia. In October 2007, The Landings Association, Inc. ("Landings"), the non-profit corporation that serves as the homeowners association for the Skidway Island Community, sued the Campbells, claiming that the Campbells did not own a strip of land which lies between the Campbells' eastern boundary line of their property and the marshlands that lie further to the east of their property. Landings claimed that the property in question was common property owned by Landings, and that the Campbells did not have the right to build a gazebo on this property or otherwise alter this property. Landings moved for summary judgment, which the trial court granted in part, finding that the property at issue was

owned by Landings, in that it had been transferred by deed from The Branigar Organization (the entity that had previously owned the property in question) to Landings on November 28, 2000, and finding that the Campbells did not gain title to the property in question by prescription. The Campbells appeal from this ruling, and, for the reasons that follow, we affirm.

> On appeal from the grant of summary judgment this Court conducts a de novo review of the evidence to determine whether there is a genuine issue of material fact and whether the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law.

(Citations and punctuation omitted.) *Home Builders Assn. of Savannah v. Chatham County*, 276 Ga. 243, 245 (1) (577 SE2d 564) (2003); OCGA § 9-11-56.

1. The Campbells contend that the trial court erred in finding that the disputed property is titled in the name of Landings.

Viewed in the light most favorable to the Campbells, the record reveals that, on May 1, 1972, the property in question was transferred by recorded deed from Union Camp Corporation ("Union Camp") to The Branigar Organization ("Branigar") as part of the conveyance of a larger tract of land. Specifically, the land conveyed by Union Camp included the lot that the Campbells would eventually own, and also included the disputed strip of land between the Campbells' eastern boundary line of their property and the marshlands that lie further to the east. The conveyed land was identifiable on a recorded plat, and uncontested expert testimony established that the disputed land was part of the conveyance. The disputed property is also identified in Plat Number 19, recorded in the Office of the Clerk of the Superior Court of Chatham County in Plat Book M, Folio 6, as the "Lands of Branigar." It is further undisputed that Plat Number 19, which identifies the "Lands of Branigar," is expressly referenced and incorporated into the Campbells' deed with regard to the legal description of the boundaries of their own property.

On November 28, 2000, Branigar conveyed to Landings by recorded deed certain lands in the Skidway Island Community, and conveyed

> all right, title, and interest of Branigar, if any, in and to (i) tracts or parcels which are between the extensions of platted lot lines and contiguous marshlands adjoining or abutting highlands within said subdivision, and (ii) marsh-

lands adjoining or abutting highlands or platted subdivision lots within said subdivision.

Besides the description given in the deed, uncontested expert testimony from a land surveyor also established that the property conveyed by Branigar in this deed included the "Lands of Branigar" referenced on Plat 19.

Because the undisputed evidence reveals that Landings gained title to the disputed property through a proper conveyance from Branigar in November 2000, and that the land in question is not owned by any other entity, the trial court properly granted summary judgment to Landings on its claim of holding the valid title to this property. See, e.g., *Simmons v. Community Renewal & Redemption, LLC*, 286 Ga. 6 (685 SE2d 75) (2009) (landowner defending against plaintiff's quiet title action entitled to summary judgment where undisputed evidence revealed that landowner held fee simple title to disputed lot pursuant to quitclaim deed from prior owner).

2. The Campbells' claim that Landings did not own the disputed property as a common area is also without merit, as the undisputed evidence of record reveals that the 1972 Declaration of Covenants for the Skidway Island Community specifically authorized Branigar to "convey to [Landings] as common property any . . . properties owned by [Branigar] located within or abutting upon the existing properties and any additions thereto . . . at any time [after the 1972 Covenants took effect]." Contrary to the Campbells' contentions, there was no deadline by which these common areas had to be conveyed in order for the conveyances to be valid.

3. Finally, the Campbells claim that the trial court erred in determining that, as a matter of law, they were unable to establish a claim for prescriptive title in relation to the disputed strip of land. Pursuant to OCGA § 44-5-161,

[i]n order for possession to be the foundation of prescriptive title, it: (1) Must be in the right of the possessor and not of another; (2) Must not have originated in [actual] fraud . . . ; (3) Must be public, continuous, exclusive, uninterrupted, and peaceable; and (4) Must be accompanied by a claim of right. . . . Permissive possession cannot be the foundation of a prescription until an adverse claim and actual notice to the other party.

Here, as there is no claim that the Campbells can show prescriptive

title by adverse possession for seven years under color of title,[1] they were required to show evidence of adverse possession for twenty years in order to support their claim. See, e.g., *Atlanta Trailer Mart v. Ashmore Foods*, 247 Ga. 254 (275 SE2d 336) (1981). See also OCGA § 44-5-163.

The record conclusively reveals that, at most, Landings permitted the Campbells and all other Skidway Island Community residents to enjoy the property in question as common property. Landings has never permitted the Campbells to take over the common property for their own personal use. The Campbells have not shown that their use of the property has been "continuous, exclusive, uninterrupted, and peaceable" for the past twenty years, because they purchased their lot within the past sixteen years, and because Landings has consistently impeded all of the Campbells' attempts to do their own personal construction projects on the disputed property. Nor can the Campbells establish that the alleged installation of a sprinkler system on the disputed property by a prior owner of their property somehow bolsters their claim of adverse possession,[2] as there is no evidence as to how long any previous owner allegedly maintained adverse possession of the disputed property, and the installation of a sprinkler system, by itself, would not establish adverse possession under the circumstances presented in this case. See OCGA § 44-5-165 ("Actual possession of lands may be evidenced by enclosure, cultivation, or any use and occupation of the lands which is *so notorious as to attract the attention of every adverse claimant and so exclusive as to prevent actual occupation by another*") (emphasis supplied).

The trial court did not err in finding that the Campbells' claim for prescriptive title fails as a matter of law.

*Judgment affirmed. All the Justices concur.*

DECIDED JULY 8, 2011 —
RECONSIDERATION DENIED JULY 21, 2011.

*Duffy & Feemster, Matthew M. Bush*, for appellant.

---

[1] "Color of title is 'a writing upon its face professing to pass title, but which does not do it, either from want of title in the person making it, or from the defective conveyance that is used." (Citation and punctuation omitted.) *Capers v. Camp*, 244 Ga. 7, 11 (3) (257 SE2d 517) (1979). See also OCGA § 44-5-164.

[2] See OCGA § 44-5-172 ("An inchoate prescriptive title may be transferred by a person in possession to his successor so that successive possessions may be tacked to make out the prescription").

*Ranitz, Mahoney, Mahoney & Pace, Thomas J. Mahoney, Jr., Thomas J. Mahoney III*, for appellee.