## SAVANNAH, FLORIDA AND WESTERN RAILWAY COMPANY *v.* RENFROE.

1. Overruling a demurrer to a petition, or to so much thereof as seeks to set forth the cause of action, is not a proper ground of a motion for a new trial. Assignments of error upon such a ruling should be presented by exceptions pendente lite or by direct exception timely made.
2. That a petition is not, for a stated reason, legally sufficient affords no ground for rejecting evidence directly tending to establish the plaintiff's allegations.
3. The evidence was sufficient to warrant the verdict, and it does not appear that the court erred in refusing to grant a new trial.

Submitted May 1,—Decided June 11, 1902.

Action for damages. Before Judge Hart. Lowndes superior court. September 9, 1901.

To the facts stated in the opinion the following is added in connection with the third division thereof. A witness for the plaintiff testified that he was about 200 yards from the railroad when the train passed, the locomotive of which threw out the fire. It was daytime, in May. There was no fire before this train passed. The engine was "spurting and throwing coals out on the bank," and it "set fire right close to" the witness. There was much grass along the side of the right of way, and the weather was dry. The wind blew the fire to the plaintiff's fence, and burned it and other property on her land. Trains burn grass off the right of way every winter. For the defendant its engineer testified that the engine had a standard spark-arrester in the smokestack, a good one, and the latest improved, which was in perfect order and condition, with a quarter-inch mesh ; that fire can not escape from any other place in an engine ; that he handled the engine skillfully and properly, and did not fail to discharge his duty in any respect; that no cinders or sparks were flying from the engine that day ; that a very small cinder or spark can pass out from the spark-arrester; that he was present when this engine was inspected before starting on this trip, and looked at the spark-arrester for himself; and that it was in good condition when he got to Thomasville.

*D. H. Pope* and *Wilkinson & Cranford*, for plaintiff in error.
*G. A. Whitaker*, contra.

FISH, J. Mrs. E. A. Renfroe sued the Savannah, Florida and Western Railway Company for damages alleged to have been sus-

tained by her, by reason of the burning of certain property belonging to her, by fire set out by the negligent running of the defendant's locomotive and cars.    The first paragraph of the petition alleged that on June 1, 1898, plaintiff was the owner of certain described land lying in Lowndes county, bounded on the north by the defendant's right of way, which land she still owned.    The second paragraph alleged that this land was enclosed with fences, and was used for farming and grazing purposes, and trees and grasses were growing thereon.    The third paragraph alleged that the defendant had a place of business in Lowndes county, and operated its cars along a line of railway adjacent to plaintiff's land, and, while so doing, the defendant's locomotive, on account of its defective construction and the carelessness of defendant's servants, emitted sparks of fire which caused plaintiff's fences, trees, grass, and muck on said land to be destroyed.    The damages alleged to have been sustained by the burning of these different kinds of property were set out, and the paragraph contained a prayer for judgment and process.    The defendant demurred to the third paragraph of the petition, on the ground that it did not "comply with the law, in setting out in an orderly way and in separate paragraphs the facts pleaded" therein.    The demurrer was overruled. There was a verdict for the plaintiff.    The defendant moved for a new trial, which was refused, one ground of the motion being that the court erred in overruling the demurrer.    There were no exceptions pendente lite filed to the overruling of the demurrer, and the only assignment of error in the bill of exceptions was to the overruling of the motion for a new trial.

1. The demurrer, was, in effect, to the whole petition, as it was only in the third paragraph that the plaintiff sought to set out the cause of action ; and had the demurrer been sustained there would have been no case left for trial.    This court has held many times that the overruling of a demurrer to a petition is not a proper ground of a motion for a new trial.    *Carter* v. *Johnson*, 112 *Ga.* 494 ; *Holleman* v. *Bradley Co.*, 106 *Ga.* 157, where it was held : "Alleged error in overruling a demurrer to an amendment . . can not be made the subject-matter of review in a motion for a new trial ;" *Shuman* v. *Smith*, 100 *Ga.* 415 ; *Willbanks* v. *Untriner*, 98 *Ga.* 801.    These are only a few of the decisions of this court to the effect that an assignment of error upon the overruling of a demur-

rer to a petition can be presented only by exceptions pendente lite, or by a direct exception timely made.

2. Another ground of the motion for a new trial was, that the court erred in permitting the plaintiff to prove, over defendant's objection, the various items of damages set out in the third paragraph of the petition, the objection to the admission of such evidence being, that the petition "did not set out the cause of action in orderly paragraphs and itemize the various items of damage by giving the amount and value of each." There was no merit in this ground. The demurrer to the petition having been overruled, the plaintiff had the right to prove her case as laid. The evidence objected to directly tended to establish the allegations of the petition. If the petition was defective, demurrer was the remedy; and when the demurrer was overruled, error should have been assigned upon such ruling in the manner above indicated.

3. We have carefully examined the evidence in the record, and, while conflicting, it was sufficient to authorize the verdict, and it does not appear that the court erred in refusing to grant a new trial.

*Judgment affirmed. All the Justices concurring, except Lewis, J., absent.*