## CHESTER *v.* THE STATE.

No. 14940.   SEPTEMBER 8, 1944.

C. A. *Giles* and *Marion Ennis,* for plaintiff in error.

T. *Grady Head, attorney-general, C. S. Baldwin Jr., solicitor-general,* and *Victor Davidson, assistant attorney-general,* contra.

WYATT, Justice. The plaintiff in error in his brief contends that the law applicable to the present case is as follows: "Where a defendant admits the perpetration of a homicide, but in connection with such statement gives an explanation justifying or excusing his commission thereof, and there is no other evidence tending to show he killed the deceased, and the circumstances are not such as to authorize the inference of malice, the evidence does not show malice and will not support a finding of murder." While this contention states a correct principle of law, it is not applicable to this case. The evidence undisputably shows that the defendant

and the deceased were seen together shooting dice at about 12:30 on the day of the killing; that the defendant was later seen with blood on his clothes; that he was found dead sixty yards from where he and the defendant were seen shooting dice, with a trail of blood leading from the place where they were seen gambling to where the deceased fell and died; that the deceased snatched or pulled the defendant off a truck, indicating a dispute or trouble; that cursing was later heard in that direction; and the absence of the defendant for some length of time after the killing was unexplained. We believe that this evidence, although circumstantial, was sufficient to authorize the jury to believe that the defendant killed the deceased, without relying in any way whatsoever on the statement of the defendant that he did in fact kill the deceased. The cases relied on by the plaintiff in error in support of the proposition that no malice was proved are cases in which there was no evidence other than the statement of the defendant tending to show that he killed the deceased. "If a homicide is proved, and the evidence adduced to establish it shows neither mitigation nor justification, malice will be presumed from the proof of the homicide; but the presumption is rebuttable, and may be overcome by evidence of alleviation or justification. If the evidence adduced to establish the homicide presents two conflicting theories, one of malice and the other of absence of malice, it becomes a question of fact to be decided by the jury as to which aspect of the evidence is the real truth of the occurrence." *Boyd* v. *State,* 136 *Ga.* 340 (3 *a*) (71 S. E. 416); *Mann* v. *State,* 124 *Ga.* 760 (53 S. E. 324, 4 L. R. A. (N. S.) 934). There being two conflicting theories in the present case, one of malice and the other of absence of malice, and the jury having found the defendant guilty, it is apparent that they took the view consistent with the presence of malice, which they had a right to do under the law, it being a question of fact to be decided by the jury.

The only assignment of error is on the judgment overruling the motion for a new trial, based on the general grounds only, and since an examination of the record discloses that the evidence, although circumstantial, supported the verdict, and the verdict having received the approval of the trial judge, the judgment refusing a new trial will not be disturbed. *Collins* v. *State,* 193 *Ga.* 177 (17 S. E. 2d, 725).

*Judgment affirmed. All the Justices concur.*