RICKS *v.* THE STATE.

DUCKWORTH, Chief Justice. 1. "Where evidence is objected to in its entirety, and any portion of the same is not subject to the objection, it is not error to admit the entire evidence over such objection." *Lewis* v. *State,* 196 *Ga.* 755, 759 (27 S. E. 2d, 659). Where evidence is objected to, but during the trial the substance of the same evidence is admitted without objection, the ruling admitting the evidence over objection is not cause for new trial. *O'Pry* v. *Noland,* 180 *Ga.* 565 (179 S. E. 630); *Lewis* v. *State,* supra; *Rogers* v. *Manning,* 200 *Ga.* 844 (38 S. E. 2d, 724). The defendant here, after stating that the purpose of his unsworn statement to the jury was to recount his entire record during his service in the Army, proceeded to relate that record from the time of his induction until his discharge. The exception in the first special ground of the motion for new trial is to the overruling of the defendant's objection to the introduction by the State of a duly authenticated record of his service, as kept by the Army. There are some discrepancies between his statement and this evidence, and to that extent this portion of the evidence was admissible for the purpose of rebutting his statement; and the entire evidence was admissible, since the objection was to the evidence as a whole. Furthermore, it was not error to admit those portions of the record that were in accord with the defendant's statement which he voluntarily made to the jury.

2. Whether or not the conviction here rests entirely upon circumstantial evidence—and it is doubtful that it does—the second and last special ground, complaining because the court failed to charge on circumstantial evidence, is without merit for the reason that the charge in the record contains fully and correctly the rule as to circumstantial evidence. This rule requires that, in order to convict on circumstantial evidence alone, the evidence must not only convince beyond a reasonable doubt, but it must exclude every other reasonable hypothesis save that of the guilt of the accused. But this ground further complains because the court's instruction on this subject was given as a supplemental charge after the jury had returned a verdict of guilty. The charge shows that, when the jury returned with a verdict of guilty, the judge told them that he would not approve the verdict because he had neglected to charge on circumstantial evidence. He then gave the charge and sent the jury back to their room with instructions that they should consider the case in the light of the supplemental charge and reach a verdict. There is no merit in this ground.

3. Proof of the corpus delecti was clearly made. The body of the deceased was found with the face beaten and crushed in by the use of some blunt instrument, and the injuries shown were ample to produce death. The accused admitted to officers that he was with some men at the time and place of the killing; that he beat the deceased as long as he continued to talk in broken language which sounded to be German. Later he made a statement to the officers, in which he said that two named men beat the deceased, and after leaving the scene with these men he returned, and the deceased while lying on the ground

grabbed the defendant's leg. The defendant said that he broke away from him, but did not know whether he beat the deceased or not. The defendant also admitted that he had voluntarily been drinking on the night of the homicide. His shoes had blood, hair, and soil on them. An analysis by the Federal Bureau of Investigation showed that they corresponded with the blood and hair of the deceased, and with the soil at the place where the body was found. It was also shown that a considerable area at that point showed that a struggle had taken place. This evidence was sufficient to authorize the verdict of guilty. It is not subject to the attack that malice was not shown. "Malice shall be implied where no considerable provocation appears, and where all the circumstances of the killing show an abandoned and malignant heart." Code, § 26-1004. See also *Wilson* v. *State,* 190 *Ga.* 824 (10 S. E. 2d, 861); *Cone* v. *State,* 193 *Ga.* 420 (18 S. E. 2d, 850); *Chester* v. *State,* 198 *Ga.* 246 (31 S. E. 2d, 395); *Smithwick* v. *State,* 199 *Ga.* 292 (34 S. E. 2d, 28). The voluntary drunkenness of the accused is no excuse for crime which he committed while in that condition. Code, § 26-403; *Brown* v. *State,* 148 *Ga.* 264, 265 (96 S. E. 435); *Allen* v. *State,* 187 *Ga.* 179 (200 S. E. 109, 120 A. L. R. 495); *Holland* v. *State,* 191 *Ga.* 608 (13 S. E. 2d, 347). The general grounds were without merit, and the court did not err in overruling the motion for new trial, as amended.

*Judgment affirmed. All the Justices concur.*

No. 16802. OCTOBER 10, 1949.

*Edwin R. McGowan, Edward J. Goodwin,* and *Lionel E. Drew Jr.,* for plaintiff in error.

*Eugene Cook, Attorney-General, Andrew J. Ryan Jr., Solicitor-General, J. R. Parham, Assistant Attorney-General,* contra.