SMITH *et al. v.* WILLOUGHBY *et al.*

No. 17114. June 15, 1950.

[redacted]

*George W. Westmoreland, Dorsey Davis* and *Fred A. Gillen,* for plaintiffs in error.

*R. M. Nicholson,* contra.

Almand, Justice. [redacted] The amendment to the motion for a new trial contains two grounds. Ground 1 assigns error on the court's refusal to grant what is described in this ground as a "motion to dismiss said action on the ground that no equitable jurisdiction had been shown." Ground 2 complains that the court erred in refusing a motion by defendants' counsel to strike Earl Rogers as a party defendant.

As to ground 1, the overruling of the motion to dismiss was not excepted to pendente lite, and is not a proper ground of a

motion for a new trial. *Savannah, Florida & Western Ry. Co.
v. Renfroe,* 115 *Ga.* 774 (1) (42 S. E. 88).

As to ground 2, Rogers was made a party defendant in the
original petition, and there was no demurrer or objection prior
to the trial as to his being made a party defendant. Under the
evidence adduced at the trial, he was not only a proper but a
necessary party to the case, and there was no error in refusing
to strike him as a party defendant.

■ Only the general grounds of the motion for a new trial re-
main for consideration. Counsel for the plaintiffs in error as-
sert that the issues involved are: (1) Is there sufficient evi-
dence, or any evidence, to show that the line surveyed in 1948
as running north 20 degrees east coincides with and is the same
line shown in the survey of 1885 as running north 18¾ de-
grees east? (2) Did a court of equity under the evidence have
a right to enjoin the court of ordinary from appointing an ad-
ministrator de bonis non and take the pending application for
such administration out of the court of ordinary, which had
original jurisdiction? (3) Can the heirs of James M. Willough-
by estate run a line and by equity enjoin a third person, Earl
T. Rogers, from exercising his rights over other land in which
he holds an interest?

The court submitted only one question to the jury, and that
was: "What is the dividing line between the 169-acre Willough-
by dower tract and the lands of the estate of George B. Smith?"
The jury found that the dividing line was that fixed by the sur-
vey of August 17, 1885, and as substantiated by the survey of
R. E. Hardigree dated January 5, 1948. The defendants insist
that the evidence was insufficient to show that the line as shown
in the survey of 1948 as running north 20 degrees east coincided
with and was the same line as shown in the survey of 1885,
where the course of the line was north 18¾ degrees east.

The sole question at issue in this case was the correct loca-
tion of the southwest terminus of the northeast boundary line
of the Willoughby tract, which line was also the southwest
boundary of the Smith tract. There is no dispute as to the
northeast terminus of this line, and it is agreed that the line
between the northeast and southeast corners of the Willoughby
tract is a straight line, and that the southeast corner, the south-

west terminus of said line, is on the Antioch Church-Farmington road. It appears from the evidence that this boundary line was established in 1885, when the dower interest of Martha F. Willoughby was surveyed; and that the plat thereof, which was recorded, described the southeast corner of the tract as being 7.50 chains from a stone on the Antioch road, and from such corner it ran north 18¾ degrees east to a stake on Rose Creek. In the evidence appears a deed dated January 9, 1909, from R. L. Moss to George B. Smith, through whom the defendant Rogers holds title to an interest in the George B. Smith tract; and it is recited in this deed that the land therein conveyed was "according to survey made by W. E. Elder August 7-8-17 1885," and this deed locates the termini of the southwest boundary line of the Smith tract as being the same shown on the plat made by W. E. Elder on August 15, 1885, as the southeast boundary line of the Willoughby dower tract. The sole issue, therefore, was the correct physical location of the terminus of the boundary line on the Antioch road.

One Hardigree, a surveyor, testified for the plaintiffs: that he had been acquainted with boundary line here involved for more than 40 years; that in 1914 he made a survey of a part of the Willoughby tract, and found a stake on the Antioch road 7.50 chains from a rock on said road, and from a stake at that point he ran a line north 19.50 degrees east to the northeast corner; that in 1948 he made a survey of the Willoughby tract, and he established the southwest end of the boundary line between the Willoughby and Smith tracts, and in doing so he went to the stone on the Antioch road and ran a line 7.50 chains to an iron pin which, under the evidence, had replaced a wooden stake subsequently to 1914, and then ran north 20 degrees east to the northeast corner of the tract. He testified that the rock used as a beginning point had not been moved, nor had the point fixed in the survey of 1885 been changed, and that the line in the survey of 1885 and the line made in 1948 "are absolutely one and the same line, and the difference in direction is due to variations in the magnetic poles, a difference in time, and the difference in the magnetic pole due to the difference in time." The plat of 1948, as made by Hardigree, shows that the boundary line ran north 20 degrees east to the undisputed northeast cor-

ner. This surveyor further testified that, regardless of what variations compass readings may show in running the line, the southeast corner as shown on the plat of 1948 is the same as shown on the survey of 1885.

A surveyor named Broach testified for the defendant that in 1949 he made a survey of this boundary line by beginning at the undisputed northeast corner, and ran a line in reverse of the line shown by the plat of 1885, or south 18¾ degrees west, and found the southwest end of this boundary line to be located 45 feet southwest of the iron pin; that the iron pin was 7.50 chains or 495 feet from the beginning stone; but that in his opinion the beginning stone had been moved southwest. He also testified: "I had never been to the place before in my life. When we started to survey it, I didn't know anything about what I would find ahead of me, nothing whatever. I did not know where to start."

As to whether the beginning stone had been moved, the evidence was in sharp conflict. Some of the witnesses for the plaintiff testified that they had been acquainted with the location of the beginning stone, and of the stake or iron pin, for many years, and that neither had been moved. On the other hand, several witnesses for the defendant stated that in their opinion the beginning stone had been moved. The evidence was sufficient to authorize the jury to find that the southwest end of the boundary line was at the point shown on the plats of 1885 and 1948. The fact that the plat of 1885 shows the course of the line as being north 18¾ degrees east, and the other plat shows the course of the same line to be north 20 degrees east, would not affect the correctness of the line, for the reason that the northeast corner of the tract was undisputed, and the fixing by the jury of the southeast corner as shown by an artificial monument that had existed since 1885 was sufficient to establish such corner, since such fixed monument controls the course and distance called for by the survey. Code, § 85-1601; *Riley* v. *Griffin*, 16 *Ga.* 141 (3) (60 Am. D. 726).

The evidence authorized the finding of the jury.

As to the complaint that the final decree is erroneous in so far as it enjoined the court of ordinary from entertaining an application for appointment of an administrator de bonis non on

the estate of Willoughby, and enjoined Rogers and others from maintaining a fence over the line established by the jury, no direct or pendente lite exceptions were filed to the decree, and assignments of alleged error in the decree cannot properly be made in a motion for a new trial. *Berry* v. *Clark,* 117 *Ga.* 964 (4) (44 S. E. 824); *Smith* v. *Smith,* 206 *Ga.* 461 (6) (57 S. E. 2d, 611).

There was no error in overruling the motion for a new trial.
*Judgment affirmed. All the Justices concur.*