LEWIS *et al.* v. SEABOLT.

HAWKINS, Justice. This is the second appearance of this case in this court. For a statement of the nature of the case, and of the issue involved, see *Seabolt* v. *Lewis,* 207 *Ga.* 691 (63 S. E. 2d, 894). On the second trial the jury returned a verdict for the defendant. The plaintiffs duly presented their amended motion for a new trial, and to the judgment overruling it, they except. *Held:*

1. The two special grounds of the motion for a new trial, numbered 4 and 5, complain of the admission of the testimony therein set out of the two named witnesses for the defendant, upon the ground that the witnesses were testifying to information gained from Mr. LaPrade; that the defendant's predecessor in title was Mr. LaPrade's wife; that title was not shown in him, and any statement which he made, and his act of pointing out a line constituted hearsay testimony. The trial court ruled, "I will let him testify as to what he saw, regardless of who showed it to him." In the testimony objected to the witnesses testified, not only to the fact that Mr. LaPrade had previously pointed out to them a certain black gum stump, and as to statements made by him at the time that it was on the line in question, but also as to the location of the black gum stump with respect to certain old roads, marks on the stump, the location of a described hickory tree, and as to certain distances from roads to trees and stumps, and their positions relative to each other, and other facts which were not derived from statements of Mr. LaPrade, but from the witnesses' own personal knowledge and observation. The objection having been urged to the testimony as a whole, a portion of which was clearly admissible, it was not reversible error to overrule the same. *Atlanta Glass Co.* v. *Noizet*, 88 *Ga.* 43 (2) (13 S. E. 833); *Loughridge* v. *State*, 181 *Ga.* 261 (4) (182 S. E. 12); *Pippin* v. *State*, 205 *Ga.* 316 (8), 323 (53 S. E. 2d, 482); *Ricks* v. *State*, 206 *Ga.* 20 (1) (55 S. E. 2d, 576).

2. On the present trial of the suit between coterminous landowners to enjoin the cutting of timber, each of the deeds from the common grantor referred to one and the same tree, which was described in 1902 as a "black gum," and subsequently in 1906 as a "black gum tree now marked." On this trial, as in the former case, there was evidence for the petitioners that the tree in question was on an old road that ran in a southerly direction from an agreed point on the big road; while witnesses for the defendant testified that the location of the tree in dispute was 192 feet west of the tree which the petitioners claimed was on the dividing line. *Seabolt* v. *Lewis*, 207 *Ga.* 691, supra. The evidence being in conflict as to the location of the dividing line, and the jury having settled that issue by finding in favor of the defendant, which verdict is supported by some evidence, and has the approval of the trial judge, this court will not disturb the judgment overruling the general grounds of the motion for a new trial. *Smith* v. *Smith*, 206 *Ga.* 461 (6) (57 S. E. 2d, 611); *Andrews* v. *Dilano*, 206 *Ga.* 83 (55 S. E. 2d, 605); *Pantone* v. *Pantone*, 206 *Ga.* 305 (3) (57 S. E. 2d, 77).

*Judgment affirmed. All the Justices concur, except Atkinson, P.J., not participating.*

No. 17915. Submitted June 9, 1952—Decided July 14, 1952.

*C. H. Edwards* and *G. Fred Kelley*, for plaintiffs in error. *Wheeler, Robinson & Thurmond*, contra.