34979. YOUNG *et al. v.* KENDRICK.

Decided January 20, 1954.

T. J. Henry, Romae L. Turner, for plaintiffs in error.
W. Harvey Armistead, contra.

TOWNSEND, J. ■ The defendant testified as to the transaction which resulted in the moving of the furniture from the home of the plaintiff and her husband: that the decedent Young had offered to sell his household furniture, and the defendant had assisted him in doing so by going to his home and helping load the furniture on the defendant's truck; that the defendant then left the truck, and Young and one Bigby left with the furniture; and that he knew nothing further about it and did not himself get the furniture. This testimony was corroborated by that of his wife who testified that the furniture was never brought to their house, as contended by the plaintiff, and by the driver, Bigby, who testified that he drove Young and the furniture in the defendant's truck, and that Young sold or delivered all of it to various places during the trip. Proof of prior contradictory statements was offered for the purpose of impeaching the defendant's testimony, but the sufficiency of this was of course a matter to be decided by the trior of the facts. Code § 38-1803; *Huff* v.

*State,* 104 *Ga.* 521 (2) (30 S. E. 808). Even though the evidence for the prevailing party is weak, and even though it is contradicted by other testimony, where there is some evidence to support the judgment as rendered an assignment of error on the general grounds only is without merit. *Wallace v. State,* 77 *Ga. App.* 434 (1) (48 S. E. 2d 696); *Butts v. Whitaker,* 14 *Ga. App.* 630 (1) (82 S. E. 52); *Alabama Great Southern Ry. Co.* v. *Brock,* 141 *Ga.* 840 (2) (82 S. E. 225). Further, the court sitting as a jury might well have believed that part of the testimony of the plaintiff and witnesses in her behalf to the effect that the defendant and plaintiff's deceased husband, Young, did enter into an oral agreement, in her presence and in the presence of the witnesses, for the defendant to store the furniture, and that later, after they left with the furniture, Young decided to use the defendant's truck and sell the same. There is, therefore, sufficient evidence to support the verdict.

■ The sole special ground of the amended motion for new trial is based on newly discovered evidence as follows: (a) that during the trial of the case the driver Bigby, after testifying for the defendant, stated to another witness that he knew where the furniture was, but was not going to tell anything; and (b) that B. J. Johnson, at the plaintiff's home, on the morning in question, heard the deceased, Young, state in the defendant's presence that the defendant was going to move the furniture and keep and store it for him, and that he was not going to sell his furniture to anyone. Newly discovered evidence which will warrant the grant of a new trial must not be merely cumulative and impeaching in character; and it must be shown that such evidence could not have been obtained upon the trial of the case in the exercise of reasonable diligence. *Hill-Atkinson Co.* v. *Hasty,* 17 *Ga. App.* 569 (87 S. E. 839); *Southern Ry. Co.* v. *Pulliam,* 108 *Ga.* 808 (34 S. E. 147); *Republic Truck Sales Corp.* v. *Padgett,* 30 *Ga. App.* 474 (118 S. E. 435). As to the affidavit concerning the statements made by Bigby, the latter was on the witness stand and gave testimony, and was not asked if he knew where the furniture was presently located. Disregarding the materiality of this information, therefore, it is obvious that there was no showing of diligence in obtaining this information from the witness himself. The testimony of Johnson was entirely cumulative in that it merely corroborated testimony of the plain-

tiff and other witnesses that such an agreement had been entered into on the morning of the day on which the furniture was moved. Accordingly, there was no abuse of discretion on the part of the trial court in failing to grant a new trial on the basis of newly discovered evidence.

The trial court did not err in denying the motion for new trial as amended.

*Judgment affirmed. Gardner, J. P., and Carlisle, J., concur.*