## 27663. CARTER v. CHAMBERS.

MOBLEY, Chief Justice. This appeal is from a judgment entered on a jury verdict in an injunctive action between coterminous landowners. L. L. Carter brought his complaint against J. T. Chambers, alleging that Chambers was committing continual acts of trespass on Carter's land. The complaint described what Carter claimed to be the true dividing line between the parties. Chambers denied that he was trespassing on Carter's land, and alleged what he claimed to be the true dividing line. The jury found in favor of the defendant Chambers, and Carter appealed from the judgment entered on the verdict.

1. The first enumerated error is that the evidence did not support the verdict. Each party relied on a plat of survey made by a surveyor employed by him, and witnesses who claimed to have knowledge of landmarks from which the boundary line could be determined. While the evidence was in conflict, there was ample evidence to support the finding of the jury that the plat relied on by the appellee showed the true line between the parties.

2. The trial judge charged Code § 85-1602, and there is no merit in the contention that he failed to charge the principles of that section. Counsel for the appellant at the conclusion of the charge stated that he had no objection to the charge.

3. Enumerated error 3 asserts that the court erred in entering a judgment contrary to the verdict and the evidence. There is no merit in this contention.

4. Enumerated error 4 complains that the court erred in

making statements in regard to allowing evidence for the purpose of impeaching the testimony of the surveyor testifying for the appellant. At the time these statements were made the surveyor was on cross examination and counsel for the appellee was questioning him about changing a corner on a plat that he had made. Counsel for the appellant objected to the question, and the judge ruled that "he would have a right to use that to impeach his testimony." At a later point in the testimony, the judge again explained that he "allowed that for the sole purpose of impeaching his testimony." No objection was made to either statement. This enumerated error is without merit.

5. Enumerated error 5 contends that the court erred in charging the jury that they should either find the line established by the appellant's surveyor or the line established by the appellee's surveyor. It is asserted that the evidence would have authorized another finding, that the ditch was the line. Neither party contended that the ditch was the line, and it was not error to fail to charge the jury that they could find it to be the line. As previously pointed out, the appellant's counsel stated that he had no objection to the charge as given. There is no merit in this assignment of error.

*Judgment affirmed. All the Justices concur.*

SUBMITTED JANUARY 8, 1973 — DECIDED FEBRUARY 8, 1973 — REHEARING DENIED FEBRUARY 22, 1973.

*Howard T. Oliver, Jr.,* for appellant.

*Davis & Davidson, Jack S. Davidson, Robinson, Buice, Harben & Strickland, Sam S. Harben, Jr.,* for appellee.