64589. MORRIS et al. v. MONROE et al.

POPE, Judge.

This is a boundary line dispute between two adjacent landowners.

The parties trace their titles to a common remote predecessor in title, Donald Hatfield, a third-party defendant in this action. Hatfield acquired title to Land Lot Number 1237, 4th District, 3rd Section of Bartow County, Georgia in 1950. In 1953 Hatfield conveyed the north half of the tract to his brother and sister-in-law

who then gave her father, Mack Howell, a parcel of land on which to build a home. After construction began, Mr. Howell discovered that the construction site was not located within his lot. It was, instead, on the south half of the land lot still owned by Donald Hatfield. Hatfield agreed to deed the tract to Howell and they established the boundaries by using iron pins for the corners, blazing trees for the lines, and sketching the property. From the information on the sketch, a lawyer prepared a deed to the property ("Howell tract"). The deed's description of the property recites inter alia that the western boundary is formed by a line running from a previously described iron stake at the northwest corner of the property and then southerly for a distance of 525 feet to an iron stake. Evidence was adduced at trial to show that the distance between the iron stakes was approximately 350 feet. The discrepancy caused a triangular-shaped overlap of approximately 2.96 acres of the Howell tract into the south lot.

Subsequent to the preparation of the deed to the Howell tract, that tract and the south lot were separately conveyed to a number of successive owners. In 1975, after the discrepancy was pointed out to Hatfield by the south lot's owner at the time, the triangular overlap was surveyed and deeded to that owner by Hatfield. Mr. and Mrs. Morris, appellants herein, are the present owners of the Howell tract. The appellees, Mr. and Mrs. Monroe, are the present owners of the south lot. All tracts were conveyed by warranty deeds.

After the appellees erected a fence along the northern boundary of the triangular overlap, appellants brought suit to remove the fence claiming that it encroached on their property and to have the boundary lines established by a jury. After a jury trial, a verdict was returned in favor of the appellees and Hatfield.

On appeal appellants raise the general grounds. "Even though the evidence for the prevailing party is weak, and even though it is contradicted by other testimony, where there is some evidence to support the judgment as rendered an assignment of error on the general grounds only is without merit." *Young v. Kendrick,* 89 Ga. App. 547 (1) (80 SE2d 201) (1954). In the case sub judice, appellees contend that the discrepancy was due to an error on the part of the attorney who prepared the deed describing the Howell tract. In support of this contention, Hatfield testified to the manner in which he and Mack Howell had established the boundaries and that both had intended the tract to be rectangular. This is consistent with the shortened distance of the western boundary line if measured from stake to stake. Further, there was testimony to show that the southwest corner of the Howell tract was marked with an iron pin placed near a large pine tree located in a valley and that an iron pin in

that location is still there. The evidence was sufficient to support the verdict.

Additionally, we note that the trial court correctly charged the jury on the law regarding rules in cases of disputed lines. "The rule is well established that where the calls of a deed are for artificial monuments as well as courses and distances, if there is a conflict between the two, the courses and distances must be disregarded. Code § 85-1601; [Cits.]" *Atlanta Trailer Mart v. Ashmore Foods,* 247 Ga. 254, 255 (275 SE2d 336) (1981).

*Judgment affirmed. Deen, P. J., and Sognier, J., concur.*

DECIDED FEBRUARY 25, 1983 —
REHEARING DENIED MARCH 16, 1983 — ▮▮▮▮▮▮▮▮

*Ben Lancaster,* for appellants.
*Shepherd L. Howell, John Paul Jones,* for appellees.