## S97A0814. CHURCH v. DARCH.
### (486 SE2d 344)

CARLEY, Justice.

Harold Darch and Corbett Church own adjoining parcels of land. Darch filed suit against Church to resolve a dispute as to the boundary line. After a bench trial, the trial court found in favor of Darch and ordered Church to restore the disputed property to its condition before he had encroached thereon. Church appeals from that order.

1. Church contends that the trial court erred in finding that the parties agreed that it was impossible to establish a boundary line from the "Philbrick" plat, which plat was used as the legal description by a common grantor. Although there does not appear to be a formal stipulation regarding the Philbrick plat, a review thereof shows that it lacks detail and certainly, by itself, cannot establish the boundary line. In urging that the plat supports his position, Church relies only on the angle of the lot lines on the plat. However, the plat also clearly shows that the rear property line of Darch's property is of approximately the same length as contended by Darch, but not the same length as contended by Church. Thus, although the trial court correctly found that the Philbrick plat does not establish a boundary line, that plat actually constitutes some support for the trial court's finding.

Church also urges that the trial court erred in finding that the predecessors in title had marked the boundary with a line of trees. However, Church himself testified that a previous owner had planted the trees on the boundary line. After observing various photographs in evidence, the trial court viewed the line of trees as closest to the boundary line which it then established. Taken as a whole, the evidence, including the Philbrick plat and the planting of the trees, was sufficient to support the findings of the trial court. See *Purcell v. C. Goldstein & Sons,* 264 Ga. 443, 444 (1) (448 SE2d 174) (1994); *Duncan v. Frye,* 236 Ga. 351 (223 SE2d 712) (1976); *Carter v. Chambers,* 230 Ga. 179 (1) (195 SE2d 918) (1973); *Carter v. Parson,* 230 Ga. 177 (1) (196 SE2d 19) (1973); *Lewis v. Seabolt,* 209 Ga. 253, 254 (2) (71 SE2d 519) (1952).

2. Church urges that the trial court erred when it ordered the removal of fill dirt and seed from the disputed area. His contention is that, because Darch requested the costs to cure, not relief in the form of a mandatory injunction, the injunctive relief granted is outside the scope of the legal relief requested.

"[A] trial judge may grant relief although it was not specifically prayed for. [Cits.]" *Empire Banking Co. v. Martin*, 133 Ga. App. 115, 119 (210 SE2d 237) (1974). Indeed, a superior court is authorized to grant injunctive relief even though there is no express prayer therefor. *DeKalb County v. Ga. Paperstock Co.*, 226 Ga. 369, 374 (9) (174 SE2d 884) (1970); *Ward v. Nat. Dairy Prods. Corp.*, 224 Ga. 241, 244 (1) (161 SE2d 305) (1968). However, the propriety of the relief must have been litigated and the opposing party must have had opportunity to assert defenses to such relief. OCGA § 9-11-54 (c) (1).

Darch not only prayed for "the cost to cure the damage to [his] property by removal of the dirt and fill," but also for "such other and further relief as [the] [c]ourt may deem just and proper." Counsel for Darch, in opening statement and in closing argument, stated that Darch was asking the trial court to order removal of the fill dirt, there was considerable evidence regarding the fill dirt, and counsel for Church, in closing argument, said that Church was willing to fix the drainage problem after resolution of the ownership issue. Accordingly, we find that the trial court was authorized to order Church to remove the fill dirt and seed from the disputed area.

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 30, 1997 —
RECONSIDERATION DENIED JULY 17, 1997.

*Ford & Josey, Michael C. Ford,* for appellant.
*Catherine R. Smith-Jones, Scott B. Barloga,* for appellee.