A03A1199. YOUNGBLOOD et al. v. YOUNGBLOOD.
(589 SE2d 602)

MILLER, Judge.

William and Judy Youngblood appeal from the trial court's order establishing the boundary line between their property and the property of Garvis Youngblood. They contend on appeal that the trial court erred in (1) its determination of the line that divided the two properties and (2) failing to make adequate findings of fact and conclusions of law in its order. Since evidence supported the trial court's finding with respect to the property line, and appellants failed to request findings of fact and conclusions of law prior to the court entering its final order, we discern no error and affirm.

The record reveals that Willard Youngblood granted certain property to his two sons, William and Garvis. The property was on the same tract of land, and William's deed specifically stated that he took certain property on the parcel of land *"LESS AND EXCEPT"* the land that was conveyed to Garvis. Garvis's land was a triangular-shaped tract of land that was delineated by three concrete markers, one at each point of the triangle. According to the deed, the beginning point of the property was as follows:

> BEGINNING at a concrete marker marking the common boundary line separating lands herein conveyed and the lands of M. R. Hodges, said marker being located on the right-of-way of a public road leading to the residence of Willard Youngblood, and from said concrete marker running along and parallel with said road in a Southerly direction a distance of four hundred five (405) feet to a point. . . .

Garvis testified (at the bench trial to determine the true beginning point of the property) that his father had removed the beginning-point concrete marker when Garvis was a teenager. Another witness who was familiar with M. R. Hodges's property testified that

he had seen the location of this concrete marker prior to its removal. This witness and a surveyor studied plats of the land, and the surveyor further reviewed a survey of Hodges's property, to determine the true beginning point of Garvis's land in light of the absent concrete marker. The trial court agreed with the surveyor's assessment of the true beginning point and entered an order reflecting this conclusion as a final resolution of the property line dispute between the brothers. William and his wife appeal from this order.

1. William and Judy claim that the trial court erred in its determination of the true beginning point of Garvis's property. However, since evidence supported the trial court's factual finding, the finding was not clearly erroneous and we will not disturb it on appeal. See *Vance v. Jackson*, 233 Ga. App. 480, 481-482 (1) (504 SE2d 529) (1998); see also *Morris v. Monroe*, 165 Ga. App. 788, 789-790 (302 SE2d 704) (1983); cf. *Church v. Darch*, 268 Ga. 237 (1) (486 SE2d 344) (1997); see generally *Darnell v. Betty's Creek Baptist Church*, 230 Ga. 461, 464-466 (1) (197 SE2d 714) (1973) (jury properly considered evidence of boundary lines of surrounding landowners to determine disputed property line where natural monuments mentioned in deed as demarcating boundary line no longer existed).

2. Appellants argue that the trial court erred in failing to make findings of fact and conclusions of law in its final order pursuant to OCGA § 9-11-52 (a). However, as appellants failed to request that the trial court make such findings prior to the entry of its order, it was unnecessary for the trial court to make any such findings. *Poor v. Leader Fed. Bank for Sav.*, 221 Ga. App. 889 (1) (473 SE2d 563) (1996); see OCGA § 9-11-52 (a). The trial court did not err.

*Judgment affirmed. Smith, C. J., and Ruffin, P. J., concur.*

DECIDED OCTOBER 28, 2003.

*Gardner & Gardner, Milton F. Gardner, Jr.*, for appellants.
*Donald W. Huskins*, for appellee.