## A04A1149. BLACK v. MEALOR.
(602 SE2d 325)

BLACKBURN, Presiding Judge.

Raymond Gary Black appeals the order of the probate court finding him in contempt, removing him as executor of the estate of Kenneth Ray Black, and appointing Susan Darlene Mealor as successor executrix; his sole contention is that the probate court erred in failing to make findings of fact and conclusions of law. For the reasons that follow, we affirm.

On April 24, 2003, Black proffered the last will and testament of Kenneth Ray Black in common form. He was appointed executor and letters testamentary were issued relieving him from filing returns. Mealor and Anita Marie Tatum, heirs at law, requested that Black file an accounting of the assets of the estate and, pursuant to a hearing, the probate court ordered Black to make an accounting and inventory of the assets and debts of the estate. After Black filed an inventory with the court stating that he had already distributed the proceeds of the estate in accordance with the terms of the will, Mealor and Tatum filed a petition for contempt and to remove executor on December 2, 2003. The petition was served on Black, together with notice of a hearing on the matter scheduled for January 20, 2004.

Approximately 30 minutes before the hearing was scheduled to begin, Black informed the court that he was out of town and would not be able to attend. Noting that Black had received sufficient notice and that, in light of "the past conduct and contemptuous manner of the executor at past court hearings," his absence was "deliberate and willful," the court proceeded with the hearing in Black's absence. The court held Black in contempt for failing to properly appraise, inventory, and distribute the assets of the estate. It ordered Black removed

---

[3] *Legg v. State*, 204 Ga. App. 356, 357 (1) (419 SE2d 151) (1992).

as executor and appointed Mealor to replace Black as executrix. Finally, it ordered Black to turn over all assets of the estate to Mealor for proper distribution, and to cease, desist, and refrain from threatening and harassing Mealor, Tatum, and members of their families.

Black's sole enumeration of error is that the probate court, in issuing its order, failed to make findings of fact and conclusions of law as required by OCGA § 9-11-52 (a). His argument fails for two reasons.

First, OCGA § 9-11-52 does not apply to motions.[1] "Since an application for contempt does not come within the definition of a pleading, it is necessarily a motion as defined in [OCGA § 9-11-7 (b)], and the provisions of [OCGA § 9-11-52] which require findings of fact and conclusions of law by the trial court, are not applicable to motions." (Punctuation omitted.) *Fields v. Fields.*[2] Accordingly, the probate court did not err in failing to make special findings of fact and conclusions of law. Id. See also *Baldwin v. Nat. Bank of Ga.*[3] ("[t]he application for contempt presented in this case was a motion before the court, not coming within the ambit of OCGA § 9-11-52, and, as such, the trial judge did not err in failing to make special findings of fact and conclusions of law") (punctuation omitted).

Second, OCGA § 9-11-52 (a) provides that "in all nonjury trials in courts of record, the court shall upon request of any party made prior to such ruling, find the facts specially and shall state separately its conclusions of law." Thus, even if § 9-11-52 (a) had been applicable, it would have been unnecessary for the probate court to make any such findings because Black failed to request that the probate court do so prior to the entry of its order. *Youngblood v. Youngblood.*[4]

*Judgment affirmed. Barnes and Mikell, JJ., concur.*

DECIDED JULY 20, 2004.

*Bagwell & Corso, Benjamin L. Bagwell,* for appellant.
*Walter J. Rucker,* for appellee.

---

[1] OCGA § 9-11-52 (b).
[2] *Fields v. Fields,* 240 Ga. 173, 174 (1) (240 SE2d 58) (1977).
[3] *Baldwin v. Nat. Bank of Ga.,* 165 Ga. App. 381 (300 SE2d 209) (1983).
[4] *Youngblood v. Youngblood,* 263 Ga. App. 820, 821 (2) (589 SE2d 602) (2003).